IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NEUSTAR, INC. and TRUSTID, INC., ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> PROVE, INC. and ) <br> PAYFONE, INC. d/b/a PROVE, ) <br> ) <br> Defendants. ) | C.A. No. 20-1633 (MN) |

## ORDER

At Wilmington this 29th day of April 2021:

WHEREAS, on December 1, 2020, Plaintiffs initiated a patent-infringement action against Defendants Prove, Inc. and Payphone, Inc. d/b/a Prove (collectively, "Prove"), alleging that Payphone infringes various claims of U.S. Patent Nos. 9,001,985 ("the '985 Patent"), 8,238,532 ("the '532 Patent"), 9,871,913 ("the '913 Patent"), 9,762,728 ("the '728 Patent"), 10,693,840 ("the '840 Patent") and 10,547,739 ("the '739 Patent") (*see generally* D.I. 1);

WHEREAS, on February 5, 2021, Prove moved to dismiss the Complaint, arguing that all claims of the '985, '532, '913, '728, '840 and '739 Patents are directed to ineligible subject matter under 35 U.S.C. § 101;

WHEREAS, across the '985, '532, '913, '728, '840 and '739 Patents (*i.e.*, the patents challenged under § 101), there are more than 145 claims, and Prove requests that the Court find each of those claims to be directed to patent ineligible subject matter at the motion to dismiss stage (*see* D.I. 10 at 9 n.2);

WHEREAS, Prove asserts that there are representative claims for the various patents challenged under § 101 but offers virtually no meaningful argument to support these groupings and Plaintiff disputes the representativeness of the claims identified by Prove;

WHEREAS, should this case proceed to trial, the asserted claims will be narrowed through the parties' disclosures and discovery and, as such, most of the claims subject to Prove's § 101 motion will not be in issue at later stages of the case (including at trial); and

WHEREAS, it is not an efficient use of the Court's time to address the patent eligibility of more than 145 claims from the six asserted patents – even with purportedly representative groupings – at the motion to dismiss stage, particularly where the parties dispute whether the representative claims are in fact representative.

THEREFORE, IT IS HEREBY ORDERED that Prove's motion to dismiss is DENIED without prejudice to renew the §101 issues at summary judgment.[1]

*Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge

---

[1] The parties should start to discuss narrowing the issues in this case – *i.e.*, the number of asserted claims and the number of asserted prior art references.